**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ACIREMA, N.V., a Netherlands
Antilles Company,
Plaintiff-Appellant,

v.

THOMAS S. LILLY; GORDON LUSK,
d/b/a Container Company, a West

Virginia general partnership;
CONTAINER COMPANY, a West
Virginia general partnership; THE
CONTAINER COMPANY LIMITED
LIABILITY COMPANY, a West Virginia
limited liability company,
Defendants-Appellees.

No. 97-2241

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CA-96-559-1)

Argued: March 4, 1998

Decided: March 30, 1998

Before WIDENER and MOTZ, Circuit Judges, and MOON,
United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Blanton Farmer, THOMPSON & MCMULLAN, Richmond, Virginia, for Appellant. Kenneth Eugene Webb, Jr., BOWLES, RICE, MCDAVID, GRAFF & LOVE, Charleston, West Virginia, for Appellees. **ON BRIEF:** Michael T. Chaney, KAY, CASTO, CHANEY, LOVE & WISE, Charleston, West Virginia, for Appellant. Carl D. Andrews, Brian A. Glasser, BOWLES, RICE, MCDAVID, GRAFF & LOVE, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1983, Equitable Life Assurance Society of the United States ("Equitable") loaned $1.9 million to Circle Realty Corporation and Acirema, B.V. ("ABV"). To secure this debt, Circle Realty and ABV provided Equitable a deed of trust on Bluefield Plaza. In 1988, the property owners failed to pay the real property taxes owed on that property.

As provided by West Virginia law, the sheriff conducted a sale of Bluefield Plaza on November 20, 1989, at which time no private persons bid on the property. See W. Va. Code § 11A-3-5 (Michie Butterworth 1995). In accord with the then-applicable state statute, the State of West Virginia purchased the property at the sheriff's sale. See W. Va. Code § 11A-3-6 (Michie Butterworth 1995). The State, through the sheriff, provided actual notice of the sale to the prior owner of the property. See W. Va. Code § 11A-3-2 (Michie Butterworth 1995). However, as the State acknowledges, it did not provide actual notice of the sheriff's sale to Equitable despite the statutory requirement (enacted in 1985) that actual notice be provided to "each person hav-

2

ing a lien on real property upon which the taxes are due." W. Va. Code § 11A-3-2.

In 1992, pursuant to the then-controlling state statute, the Circuit Court of Mercer County, West Virginia ordered that the property be sold by the State at a public auction. See W. Va. Code § 11A-3-44 (Michie Butterworth 1995). Again, no private persons bid at the auction. By May 1992, Equitable had received notification about these efforts to sell the property and about its ability to redeem the property. Equitable chose not to redeem the property.

For the next two years, the property remained unsold. Based on amendments to the relevant state statute, Equitable still had the opportunity to redeem the property by paying all back taxes and costs. See W. Va. Code § 11A-3-44. When Equitable did not exercise this right, pursuant to the controlling statute, the property was subject to public auction. Id. Bluefield Plaza, however, was not sold at the public auction.

Rather, on September 27, 1994, in accord with the statute, the State privately sold the property to Thomas S. Lilly and Gordon Lusk, and their partnership, Container Company (collectively Lilly). See W. Va. Code § 11A-3-48 (Michie Butterworth 1995). West Virginia law required Lilly to secure the deed to the property by preparing a list of those to be served with a notice to redeem. See id. This notice was sent to Equitable, and on or about November 21, 1994, Equitable again decided not to redeem the property.

On March 7, 1996, Acirema, N.V. (parent of ABV) acquired all of Equitable's rights and interest in the deed of trust for a $25,000 payment. Acirema then filed this declaratory judgment action asserting that the failure of the State to provide Equitable notice of the property's delinquency in 1989 violated Equitable's procedural due process rights, and therefore Equitable's "deed of trust remained a valid lien on the property." Further, Acirema maintained that, because it had assumed Equitable's rights under the deed of trust, it should be entitled to enforce this lien.

The parties cross-moved for summary judgment. The district court granted Lilly's motion and denied Acirema's. This appeal followed.

3

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Acirema, N.V. v. Lilly, No. 1:96-0559 (S.D.W. Va. Aug. 11, 1997).

AFFIRMED

4